WIGGINTON, Judge.
Petitioner seeks the writ of certiorari to review an order rendered by the trial court denying him relief to which he deems himself entitled under the constitution and laws of this state.
Petitioner is charged in the trial court with the offenses of assault with intent to commit murder and with having unlawfully shot a pistol into a dwelling then and there occupied by another. After his arrest a .22 caliber pistol was taken from petitioner’s possession by the arresting officers but was not subjected to any tests for the purpose of determining whether it had been recently discharged. The bullet allegedly fired by petitioner into the dwelling described in the information struck and became embedded in the fatty tissue of the victim whom petitioner is alleged to have feloniously assaulted. The victim was treated by a physician immediately following the injury received by her, but it was medically determined to be unnecessary at that time to remove the bullet from the victim’s body.
Petitioner filed in the trial court a motion alleging that to properly prepare his defense it was necessary that a surgical operation be performed on the victim and the bullet removed from her body in order that it might be subjected to ballistic tests, which tests petitioner alleged would establish that it was not fired from his gun. Petitioner alleged, and established by affidavit proof, that the victim was agreeable to having such operation performed on her if she could be assured that it would involve no undue risk to her health and provided the cost thereof would be defrayed by someone other than herself. Petitioner further alleged in his motion and supported by affidavit proof, that the treating physi- *308 cían of the victim was of the opinion that such an operation for the removal of the bullet would not involve any undue risk to the victim’s health and that the total operation could be performed for an expense of not more than $400.00. Petitioner alleged that he was indigent and unable to pay the cost of such an operation and prayed for an order directing that such cost be paid by Leon County. Petitioner’s motion was denied by the court, as a result of which this review is sought.
At the outset we reiterate the well-established principle that certiorari will not lie to review an interlocutory order entered during the progress of an action at law unless it clearly appears that remedy by appeal from the final judgment will be wholly inadequate. Because of such prerequisite, we have consistently refused to grant certiorari for the purpose of reviewing orders similar to the one here challenged by petitioner. A careful examination of the petition filed herein reveals, however, the existence of a reasonable likelihood that remedy by appeal from such final judgment as may be rendered in this case might not be adequate to afford petitioner the relief to which he deems himself entitled. The possibility exists that any appreciable delay in ordering the State to pay the expenses which would be incurred in performing the necessary surgical operation to remove the bullet from the victim’s body, if ultimately ordered by this court on an appeal from the final judgment, may be met by the situation where the victim will no longer be willing that such an operation be performed, or the evidentiary value of the bullet might be seriously impaired or destroyed due to the chemical effects of body fluids upon the metal. Because of the existence of such possibilities, this court has elected to exercise its discretion to grant the writ for the purpose of reviewing the order which petitioner claims constitute a departure from the essential requirements of law and deprives him of the opportunity of a fair trial.
It is petitioner’s contention that the denial of his pretrial motion permits the State to suppress evidence which may exonerate petitioner, thereby depriving him of due process of law as guaranteed by the state and federal constitutions. In support of his position petitioner relies on the decision by the United States Supreme Court in Brady v. Maryland.[1] In Brady, the defendant made a pretrial motion for permission to examine an extra-judicial statement made by his confederate in crime subsequent to their arrest. Although several statements made by such confederate were produced by the State for the defendant’s examination, one crucial statement was withheld and did not come to defendant’s attention until after his trial and conviction. In holding that the State’s nondisclosure to defendant of an extrajudicial statement which he was entitled to examine before trial constituted a violation of the due process clause of the 14th Amendment, the Supreme Court said:
“ * * * A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. * * * ”
Petitioner concedes that the facts in this case do not support the view that the State is withholding evidence to which he is entitled and which might, if divulged, tend to exculpate him from the crimes with which he is charged. He merely asserts that if available to him, after proper ballistic tests, the bullet now lodged in the victim’s body might prove his innocence. We do not perceive that the holding in Brady is apposite to the facts in this case.
Petitioner further insists that even though he is indigent and unable to pay the cost of the surgical operation, he should nevertheless be accorded the right to force the State to defray this expense so that the results may be made available to him before the time of trial. Petitioner reasons that *309 if he were a person of financial means and able to pay the cost of the operation, then the evidence could be made available to him. He therefore concludes that merely because he is poor and without funds, such right to what he considers to be evidence crucial to his defense should not be denied.
The rich man — poor man syndrome which in recent years has been popularly indulged by some courts as a basis for newly discovered constitutional rights hardly seems apropos to the case subjudice. Petitioner’s position ignores certain basic factors which to us appear to be controlling. We find nothing in the record which tends to establish that the State is bound to prove that the bullet fired into the victim’s home, which lodged in her body, was fired from the .22 caliber pistol taken from petitioner at the time of his arrest. If such is the contention of the State, however, petitioner has overlooked the fact that the burden of proving that the pistol owned by him was the one used to commit the offenses with which he - is charged rests upon the State. No duty rests on petitioner to prove that it was not his pistol from which the bullet in question was fired. It would follow that the failure to remove the bullet from the victim’s body and subject it to necessary ballistic tests for the purpose of determining its relevancy to the pistol owned by petitioner would have the effect only of weakening the State’s case against petitioner but could not shift the burden of proof to him to disprove the allegations of the information.
Petitioner has cited no authority, and our research has revealed none, which compels the State to pay the expenses of surgical operations in those instances in which a defendant perceives that such an operation would assist him in his defense of the charges lodged against him. There is no end to the number of scientific tests, examinations, and experiments which could be made and which might furnish evidence helpful to a defendant in the preparation of his defense against criminal charges pending against him. The cost of such tests, examinations, and experiments, including surgical operations, could prove excessively burdensome over the course of time. If such tests and experiments are performed at the request of the State, then the results are the subject of discovery by the defendant in accordance with the established rules of court.[2] Failure of the trial court, however, to order that such tests, experiments, examinations, or operations be made at State expense will not be disturbed by an appellate court in the absence of a showing of an abuse of discretion under the circumstances of a given case. Petitioner having failed to demonstrate such an abuse in this case, the order sought to be reviewed herein is affirmed and the writ discharged.
CARROLL, DONALD K., Acting C. J„ and RAWLS, J., concur.

. Brady v. Maryland, 373 U.S. 83, 87, 88, 83 S.Ct. 1194,10 L.Ed.2d 215.

. Rule 1.220. R.Cr.P.. 33 F.S.A.