19309

The STATE, Respondent, v. William A. FLOOD, Appellant

(184 S. E. (2d) 549)

*Messrs. Jack F. McGuinn and Patrick E. Treacy,* of Columbia, *for Appellant,* cite:

*George Hall Esq. Asst. Sol.,* of Columbia, *for Respondent.*

November 3, 1971.

LITTLEJOHN, Justice:

The defendant, William A. Flood, was tried in the Court of General Sessions for Richland County on December 15

and 16, 1970, and convicted of violating Section 32-1492.1 of the 1962 Code, making it unlawful to possess and sell marihuana. He has appealed the conviction and sentence to this court.

The code section involved reads in part as follows:

"§ 32-1492.1. Unlawful sale of certain drugs; penalties; presumption from possession.—It shall be unlawful for any person to sell, offer for sale or possess for sale any cocaine, alpha-or beta-eucaine, opium, morphine, heroin, isonipecaine, marihuana, LSD or other narcotics or drugs of like character or their compounds, except as authorized by law."

The facts in the case are simple and not greatly, if at all, in dispute. The evidence shows that witness Gaines, an undercover agent, went to the home of the defendant on more than one occasion and sought to buy marihuana. Efforts to purchase were unsuccessful until November 10, 1970. On that date, in a grocery store parking lot, the defendant sold Gaines more than a pound of marihuana for $180. The defendant was arrested on November 14 and charged with possession and sale of marihuana. The defendant represented the product sold to be marihuana; Mr. Gaines testified that he recognized it as being marihuana; Lt. Clark of the Columbia police department testified that he field-tested it with a testing kit and determined that it was marihuana; Lt. Wilson of the South Carolina Law Enforcement Division conducted a laboratory test and determined that it was marihuana. The defendant did not testify. His wife was the only witness presented by the defense. Her testimony was that Mr. Gaines came to her house several times trying to buy marihuana and that the defendant did not sell it to him on those occasions.

On November 19 the defendant was notified of a preliminary hearing before the magistrate; the hearing was held November 23, at which time he was bound over for trial. On December 8 the defendant moved the trial court for discovery and a bill of particulars. He sought a complete inventory of all the State's physical evidence, inspection of such

evidence by experts for the defendant, a copy of all laboratory tests and opinions of experts for the State, a list of the State's witnesses and a brief outline of their expected testimony. He also sought to take depositions of the State's witnesses. The motions were denied.

At the hearing on the motions, in the absence of the jury, the solicitor made his complete file available to defense counsel and gave the names of the State's witnesses. The solicitor stated that his policy of making his file available to defense counsel was well known among members of the bar. Apparently counsel for the defense had not taken advantage of such, and had not previously asked for a sample of the marihuana so that chemical tests could be made.

The motion made December 8 was heard on December 15. Counsel for the defense sought a continuance so that chemical tests could be made. The record of the hearing reveals that law enforcement officers, using a search warrant, searched the residence of the defendant on November 14 and found additional marihuana. A separate case has been made for this alleged offense but has not been tried. Lt. Wilson had made a chemical analysis of that marihuana found at the home of the defendant on November 14, but no analysis of that sold to Mr. Gaines on November 10. The judge permitted Lt. Wilson to proceed to make chemical analysis of that sold on November 10 and involved in this case. The judge also offered defense counsel samples such that they could have laboratory tests made, but defense counsel declined the offer.

The defendant first contends that there was a denial of due process and a denial of a fair trial because of the refusal of the judge to grant the discovery motions. It is argued that the constitutional rights of the accused were violated.

Under the terms of Section 43-231 and subsequent sections, an accused person is entitled to a preliminary hearing in order to be apprised of the nature of the State's evidence.

There are no other statutes or rules of court in this state providing for discovery in criminal cases. Accordingly, the common law controls.

"At common law, the defendant in a criminal case had no right to pretrial discovery or inspection, and the courts were deemed powerless to compel disclosure of items of prosecution evidence to the accused. In the absence of statutes or rules of practice providing otherwise, it has been generally held that the accused is not entitled to inspection of evidence in the possession of the prosecution, although some courts at relatively early dates granted discovery in limited areas." 23 Am. Jur. Depositions and Discovery § 307 (1965).

The contention that the defendant has a constitutional right to discovery is without merit.

"Pretrial discovery in favor of defendants in criminal cases is not required by due process, and when the court permits discovery in advance of the trial, it is not acting under constitutional compulsion, but to promote ascertainment of the truth. Neither the provision of a state constitution that in criminal prosecutions every man has a right 'to examine the witnesses for and against him on oath,' nor the due process clause of the Fourteenth Amendment, was held to give an accused the right to take pretrial depositions for discovery purposes." 23 Am. Jur. Depositions and Discovery § 312 (1965).

We find no error in the judge's ruling denying discovery.

The defendant alleges error on the part of the trial judge in finding "that the prosecution had an open file policy in the absence of factual evidence." The record reveals that the State made its file available to counsel for the defense in the presence of the judge. The policy in other cases is not relevant in the disposition of this case. Certainly no prejudice has been shown.

The defendant argues that it was error to bring the case to trial so soon after the offense is alleged to have taken place. The contention that other cases on

the docket were much older does not show legal prejudice. The solicitor has a broad discretion deciding the order in which cases are called; he clearly had the right to call this case for trial. There is no showing that defendant did not have adequate time to prepare to defend. The exception is obviously without merit.

The defendant next suggests that the testimony of Lt. Wilson should have been excluded because his laboratory test of the marihuana was not made prior to trial. As indicated above, tests were made of marihuana involving another charge against this defendant on another date. The evidence was merely cumulative. In any event, there was no error in admitting the same.

Counsel also contends that it was legal error to deny the defendant the right to counsel at every crucial stage of the proceedings. Such argument is not supported by the record, and we find the contention to be without merit.

Counsel urges that the statute quoted above is unconstitutional because the penalty provisions are violative of the equal protection clause of the United States Constitution and particularly the fourteenth amendment. It is argued that penalties in the different states of the United States vary for the possession and sale of marihuana. The argument is a novel one. The authorities cited do not support the contention.

Finally, the defendant contends that the trial judge committed error in failing to grant a directed verdict of not guilty on the ground that it was conclusively proved that the defendant was entrapped. We have defined entrapment as "the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." *State v. Jacobs,* 238 S. C. 234, 119 S. E. (2d) 735 (1961).

The trial judge charged the law of entrapment and gave the jury an opportunity to free this defendant if it concluded

that he was entrapped. Under the evidence we doubt that the defendant was entitled to such a charge, but assuming that he was, it is clear that he was not entitled to a directed verdict. The trial judge apparently gave the charge on entrapment out of an abundance of precaution in order to give the defendant benefit of any possibility of doubt. There was no error in refusal to direct a verdict.

We are convinced that this defendant received a fair trial. No prejudicial error has been shown, and the judgment of the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.