260 So.2d 489 (1972)
STATE of Florida, Appellant,
v.
David Charles SMITH, Jr. and Alphonso Figgers, Appellees.
No. 41762.
Supreme Court of Florida.
March 29, 1972.
Rehearing Denied April 27, 1972.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellant.
Wilfred C. Varn, and E.C. Deeno Kitchen, Tallahassee, for appellees.

ON REHEARING GRANTED AND ORIGINAL OPINION WITHDRAWN
ADKINS, Justice.
This is a direct appeal from the decision of the District Court of Appeal, First District (State v. Smith and Figgers, 254 So.2d 402, which held that Fla. Stat. § 924.07(8), F.S.A., authorizing appeals by the State from pretrial orders is unconstitutional on the ground that the jurisdiction of the District Court to entertain such interlocutory appeals may be granted only by rule of this Court.
Although requested, the Court dispenses with oral argument. Florida Appellate Rules, Rule 3.10(e), 32 F.S.A.
Upon motion of the defendants, who were indicted for first degree murder, the trial *490 court entered a pretrial order that witnesses, who may be used by the State for identification of the persons involved in the perpetration of the crime alleged to have been committed by defendants, shall be examined for visual acuity by a specified doctor at a time and place to be specified by him prior to the trial. By interlocutory appeal to the District Court of Appeal, First District, the State sought a reversal of this order. The District Court of Appeal held that it lacked jurisdiction to entertain the appeal and referred to the following portion of Fla. Const., art. V, § 5(3), F.S.A.:
"Jurisdiction. Appeals from trial courts in each appellate district, ... may be taken to the court of appeal of such district, as a matter of right, from all final judgments ... except those from which appeals may be taken direct to the supreme court or to a circuit court." ...
"The supreme court ... may provide for review by such courts of interlocutory orders or decrees in matters reviewable by the district courts of appeal."
The District Court of Appeal held the statute unconstitutional, reasoning that it was ineffective unless a rule of this Court "breathes life" into the legislative act. We agree and adopt the following portion of the opinion rendered by the District Court of Appeal:
"The instant appeal sought by the State is not from a final judgment, and is not one appealable directly to the Supreme Court or to a Circuit Court. Jurisdiction of this Court to entertain interlocutory appeals from pretrial orders is dependent upon the Supreme Court providing for such review. Has the Supreme Court so provided? We conclude that it has not.
"The sole provision promulgated by the Supreme Court for appellate review of pretrial orders in criminal cases is found in Rule 6.3 subd. b, 32 F.S.A.(1)
"[1] Rule 6.3, subd. b, Florida Appellate Rules, reads:
"`b. Appeals pursuant to Section 924.071, Florida Statutes 1967, shall be taken within the time prescribed in subsection a. above, or prior to the commencement of the trial whichever is sooner. The procedure for such appeals shall be as provided in Rule 4.2. Such appeals shall be given priority on the docket.'
This Rule breathes life into alegislative Act(2) which purports to permit appellate review of a pretrial order which quashes a search warrant, suppresses evidence obtained by search and seizure, or suppresses a confession or admission made by a defendant.
"[2] F.S. § 924.071, F.S.A.
"The legislature has sought to provide appellate review of other pretrial orders entered in criminal cases(3) through enactment of Section 924.07(8), which provides:
"[3] F.S. § 924.07(8), F.S.A.
"`All other pretrial orders, except that it may not take more than one appeal under this subsection in any case... .'
"The Supreme Court has not as of this date adopted or implemented this legislative declaration of public policy.
"Appellate review of any order or judgment entered by a trial court is not a right derived from the common law. The right of appellate review is derived from the sovereign; i.e., the citizens of this State. By means of Article V of the Florida Constitution, the citizens have granted to a litigant as a matter of right appellate review of a final judgment. The sovereign has decreed that `The supreme court ... may provide for review by such courts of interlocutory orders... .' (Emphasis theirs.) *491 This explicit provision is clearly substantive and not procedural.(4) The Constitution does not authorize the legislature to provide for interlocutory review. Any statute purporting to grant interlocutory appeals is clearly a declaration of legislative policy and no more. Until and unless the Supreme Court of Florida adopts such statute as its own (as it did with regard to Section 924.071), the purported enactment is void."
"[4] Levin and Amsterdam, Legislative Control Over Judicial Rule-Making: A Problem in Constitutional Revision, 107 U.Pa.L.Rev. 1, 14 (1958).
However, the District Court of Appeal treated the interlocutory appeal as a petition for a writ of common law certiorari, and held that the trial court did not depart from the essential requirements of law. The petition for writ of certiorari was denied.
No right is held more sacred, or is more carefully guarded, by the common law, than the right of an individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. Union Pacific Railroad Company v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891). The common law does not authorize a court to require the physical examination of a witness, because discovery in criminal cases was unknown to the common law. See State v. Lampp, 155 So.2d 10 (Fla.App.2d, 1963). Pursuant to the authority of Fla. Const. art. V, § 3, this Court has adopted rules of procedure governing criminal trials in this State. These rules include certain provisions relating to discovery in criminal cases. See Florida Rules of Criminal Procedure, Rule 3.220, 33 F.S.A. Nothing contained in these rules purports to authorize a trial court to grant a motion compelling witnesses to submit to a physical examination of any sort.
In Green v. State, 251 So.2d 307 (Fla. App.1st, 1971), the victim was agreeable to having an operation in order to have a bullet removed. The only question presented was whether the State should be compelled to defray the cost of the operation. The District Court of Appeal held that the trial judge did not err in denying defendant's motion to require the State, at county expense, to remove the bullet from the body of the alleged assault victim. This decision renders no comfort to the order of the trial judge in the case sub judice.
The only ground for the motion asserted by the defendants in the case sub judice was that the State's case depended in whole or in part upon the identification of defendants by eye witnesses. Even assuming, that in some rare instance, justice may require some type of physical examination of a witness, more must be shown than in the case sub judice.
The trial judge in entering the order in question departed from the essential requirements of law.
That portion of the decision of the District Court of Appeal denying the petition for writ of certiorari is quashed. This cause is remanded with instructions to grant the writ of certiorari and quash the order of the trial judge.
The time for filing petition for rehearing is hereby limited to April 5, 1972.
It is so ordered.
ROBERTS, C.J., and CARLTON, BOYD and McCAIN, JJ., concur.