SMITH, J.,
dissenting.
In my opinion the court has no jurisdiction. The state’s appeal is unauthorized. Resort to common law certiorari is unauthorized by State v. Smith, 260 So.2d 489 (Fla.1972), which did not review evidentiary rulings but rather an order requiring witnesses to be called by the state at trial to be examined for visual acuity by a doctor, which was said to violate “the right of an individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.” 260 So.2d at 491. The court’s writ of certiorari leaves matters below precisely where they were as a result of the juvenile judge’s order: the state was then and is now authorized to proceed against the children as delinquents. The court’s writ cannot roll back the months to January 18, 1978, when this detention hearing was held; and it cannot resurrect the circumstances that may then have existed to detain the children for the protection of them or the property of others, or to secure their attendance at an adjudication hearing. The court’s writ is therefore futile except as a lecture, which is not the purpose of common law certiorari. I would dismiss the appeal.