408 So.2d 1048 (1982)
In the Interest of R. J. B., a Child, Petitioner,
v.
STATE of Florida, Respondent,
In the Interest of D. J. P., a Child, Petitioner,
v.
STATE of Florida, Respondent,
In the Interest of D. A. D., a Child, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 59887, 59888 and 59968.
Supreme Court of Florida.
January 14, 1982.
*1049 Richard L. Jorandby, Public Defender and Cherry Grant, Asst. Public Defender, West Palm Beach, for petitioners.
Jim Smith, Atty. Gen. and Evelyn D. Golden, Edwin H. Duff, III and Phillip D. Havens, Asst. Attys. Gen., Daytona Beach, for respondent.
ALDERMAN, Justice.
We have for review the decisions of the District Court of Appeal, Fifth District, in In the Interest of R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980); D.A.D. v. State, 389 So.2d 351 (Fla. 5th DCA 1980); and In the Interest of D.J.P. v. State, 388 So.2d 1094 (Fla. 5th DCA 1980), holding that it was without jurisdiction to consider interlocutory appeals from the juvenile court's orders waiving juvenile jurisdiction. This holding expressly and directly conflicts with G.A. v. State, 391 So.2d 720 (Fla. 1st DCA 1980), wherein the First District held that an interlocutory appeal may be taken from an order waiving jurisdiction. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1980). Jollie v. State, 405 So.2d 418 (Fla. 1981).
The determinative issue before us is whether the district court erred in dismissing the direct interlocutory appeals from the juvenile waiver orders on the basis that it lacked jurisdiction. Since we agree with the Fifth District that it was without jurisdiction to consider these appeals, we do not reach the second issue posed by petitioner R.J.B. as to whether the trial court erred in waiving juvenile jurisdiction of R.J.B. and certifying him as an adult without having held a hearing to determine competency.
Petitioners, three juveniles, separately appealed orders of the trial court waiving juvenile jurisdiction and certifying them for trial as adults. The Fifth District dismissed the appeals on the basis that these waiver orders were not final orders from which appeal would lie. It reasoned that Florida Rule of Appellate Procedure 9.140(b)[1] governs here and that this rule does not provide for interlocutory appeals of orders of this nature. The district court acknowledged sections 39.09(2)(e)[2] and 39.14(1),[3] *1050 Florida Statutes (1979), but held that these statutes were ineffective to provide appellate review of waiver orders.
We agree. It is not clear that the legislature intended to create a right of interlocutory appeal from waiver orders. Section 39.09(2)(e) merely provides that a waiver order shall be reviewable pursuant to section 39.14, and section 39.14(1) provides that appeal may be had within the time and manner prescribed by the appellate rules. Even if the legislature had intended to create a right of interlocutory appeal from waiver orders, such enactment would have been void because the Florida Constitution does not authorize the legislature to provide for interlocutory review. State v. Smith, 260 So.2d 489 (Fla. 1972).
This Court is vested by the constitution with the sole authority of deciding when appeals may be taken from interlocutory orders. Article V, section 4(b)(1) expressly provides that district courts of appeal "may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." This Court has not adopted any appellate rule which permits the type of interlocutory appeal sought by petitioners.
Furthermore, we hold that Florida Rule of Juvenile Procedure 8.220(f) does not create a right to interlocutory appeal. This rule provides:
(f) After a hearing at which a judge enters an order waiving jurisdiction and certifying a child for trial as an adult, adjudicating a child delinquent, dependent, or ungovernable, or a disposition order, he shall forthwith inform the child, his parents or custodians concerning the right of appeal therefrom, including the time allowed by law for taking an appeal.
By this rule, we did not create an immediate right to appeal from the waiver order before the juvenile is transferred into the criminal justice system. Rather, in promulgating this rule, we only intended that a child, his parents, or custodians be informed that there was a right to appeal the waiver order. In the absence of an appellate rule providing for interlocutory appeal, this rule means that the child, his parents, or custodians should be informed of the child's right to appeal the waiver order in the event there is a final judgment adjudicating guilt or an order granting probation, whether or not guilt has been adjudicated. The First District's decision in G.A. v. State is disapproved insofar as it holds that Florida Rule of Juvenile Procedure 8.220(f) creates a right of interlocutory appeal.
We need not discuss the merits of permitting such interlocutory appeals which are alluded to by the First District in G.A. v. State or the merits of not permitting such interlocutory appeals. It is sufficient to say that this Court has not adopted a rule allowing interlocutory appeal of orders of the juvenile court waiving juvenile jurisdiction.
Accordingly, the decision of the District Court of Appeal, Fifth District, is approved.
It is so ordered.
BOYD, OVERTON and McDONALD, JJ., concur.
SUNDBERG, Chief Justice, dissenting:
For the reasons expressed in G.A. v. State, 391 So.2d 720 (Fla. 1st DCA 1980), I would approve that decision and disapprove the decision in the instant cases.
ADKINS, J., dissents and concurs with SUNDBERG, C.J.
NOTES
[1] Florida Rule of Appellate Procedure 9.140(b) provides:

(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal:
(A) A final judgment adjudicating guilt;
(B) An order granting probation, whether or not guilt has been adjudicated;
(C) Orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) An illegal sentence; and
(E) A sentence when required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularly the point of law being reserved.
[2] Section 39.09(2)(e) provides:

(e) Any decision to transfer for criminal prosecution shall be in writing and shall include consideration of, and findings of fact with respect to, each of the foregoing criteria. The court shall render an order including a specific finding of fact and the reasons for a decision to impose adult sanctions. The order shall be reviewable on appeal pursuant to s. 39.14 and the Florida Appellate Rules.
[3] Section 39.14(1) provides:

(1) Any child, and any parent or legal custodian of any child, affected by an order of the court may appeal to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Appellate Rules.