ON REHEARING
PER CURIAM.
On September 13, 1984, this Court issued a decision approving certain amendments to the Florida Rules of Appellate Procedure. 463 So.2d 1114 (Fla.1984). The Florida Bar has moved for rehearing limited to the adoption of amendments to rules 9.030(b)(4), 9.160, and 9.165, each of which relates to the new process provided for the appeal of certified questions from county courts to district courts of appeal. We grant rehearing and agree to the suggested modifications. Accordingly, we repeal rules 9.030(b)(4), 9.160, and 9.165, as adopted in our prior opinion, and, in their place, adopt new rules 9.030(b)(4) and 9.160, as set forth below.
1. Rule 9.030 is adopted as follows:
Rule 9.030. Jurisdiction of Courts

(b)Jurisdiction of District Courts of Appeal.

4. Discretionary Review.10 District courts of appeal may in their discretion review by appeal:
(A) final orders of the county court otherwise appealable to the circuit court under these rules which the county court has certified to be of great public importance;
(B) nonfinal orders otherwise appeala-ble to the circuit court under rule 9.140(c) which the county court has certified to be of great public importance.
2. Rule 9.160 is adopted as follows: Rule 9.160. Discretionary Proceedings to Review Decisions of County Courts
(a) Applicability. This rule applies to those proceedings which invoke the discretionary jurisdiction of the district courts of appeal to review county court orders described in Rule 9.030(b)(4).
(b) Commencement. Any appeal of an order certified by the county court to be of great public importance must be taken to the district court of appeal. Jurisdiction of the district court of appeal under this rule shall be invoked by filing two copies of a notice and a copy of the order containing certification, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal. The time for filing the appeal shall be the same as if the appeal were being taken to the circuit court.
(c) Notice. The notice shall be in substantially the form prescribed by Rule 9.900(a) or Rule 9.900(c), depending on whether the order sought to be appealed is a final or a nonfinal order, except that such notice should refer to the fact of certification.
(d) Method of Certification. The certification may be made in the order subject to appeal or in any order disposing of a motion which has postponed rendition as defined in Rule 9.020(g). The certification shall include (1) findings of fact and conclusions of law and (2) a concise statement of the issue or issues of great public importance.
(e) Discretion.
(1) Any party may suggest that an order be certified to be of great public importance. However, the decision to certify shall be within the absolute dis *1125 cretion of the county court and may be made by the court on its own motion.
(2) The district court of appeal, in its absolute discretion, shall by order accept or reject .jurisdiction. Until the entry of such order, temporary .jurisdiction shall be in the district court of appeal.
(f) Scope of Review.
(1) If the district court of appeal accepts the appeal, it will decide all issues which would have been subject to appeal if the appeal had been taken to the circuit court.
(2) If the district court declines to accept the appeal, it shall transfer the case together with the filing fee to the circuit court which has appellate .jurisdiction.
(g) Record. The record shall be prepared and filed in accord with Rules 9.110(e) or 9.140(d), depending upon the nature of the appeal.
(h) Briefs. The form of the briefs and the briefing schedule shall be in accord with Rules 9.110(f), 9.140, 9.210, and 9.220, depending upon the nature of the appeal.
(i) Cross-Appeal. Cross-appeals shall be permitted according to the applicable rules only in those cases in which a cross-appeal would have been authorized if the appeal had been taken to circuit court.
(j) Applicability of Other Rules. All other matters pertaining to the appeal shall be governed by the rules which would be applicable if the appeal had been taken to circuit court.
1984 Committee Note: This rule was added in order to implement the amendments to sections 26.012 and 924.08 and the adoption of section 34.195 by the 1984 legislature. Section 34.195 authorizes only the certification of final judgments, but section 924.08 authorizes the certification of nonfinal orders in criminal cases. Therefore, this rule does not provide for appeals from nonfinal orders in civil cases. Under the rationale of State v. Smith, 260 So.2d 489 (Fla.1972), the authority to provide for appeals from nonfinal orders may rest in the supreme court rather than in the legislature. However, in keeping with the spirit of the legislation, the rule was drafted to permit certification of those nonfinal orders in criminal cases which would otherwise be appealable to the circuit court.
Sections 26.012 and 924.08 authorize only the certification of orders deemed to be of great public importance. However, section 34.195 refers to the certification of questions in final judgments if the question may have statewide application and is of great public importance or affects the uniform administration of justice. The committee concluded that any order which is certified to be of great public importance might have statewide application and that any order which would affect the uniform administration of justice would also be of great public importance. Therefore, the additional statutory language was deemed to be surplusage, and the rule refers only to the requirement of certifying the order to be of great public importance.
The district court of appeal may, in its discretion, decline to accept the appeal, in which event it shall be transferred to the appropriate circuit court for disposition in the ordinary manner. Except as stated in the rule, the procedure shall be the same as would be followed if the appeal was being taken to circuit court. The rule does not authorize review of certified orders by common law certiorari.
It is recommended that in those cases involving issues of great public importance, parties should file suggestions for certification prior to the entry of the order from which the appeal may be taken. However, parties are not precluded from suggesting certification following the entry of the order except that such suggestion, by itself, will not postpone rendition as defined in Rule 9.020(g).
10 9.160: Discretionary Review of County Court Decisions.
1984 Committee Note: Subsection (b)(4) was added in order to implement legislation authorizing district courts of appeal discretion to review by appeal orders and judgments of county *1126 courts certified to be of great public importance.
We direct that rule 9.165 be repealed since the content of that rule is now contained in new rule 9.160.
All rules and statutes in conflict with the above rules are hereby superseded as of the effective date of these rules. The committee notes are not adopted by the Court. These rules shall become effective March 1, 1985, at 12:01 a.m.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.