604 So.2d 1249 (1992)
STATE of Florida, Petitioner,
v.
Teddy RAY, Respondent.
No. 92-1735.
District Court of Appeal of Florida, Fourth District.
September 2, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for petitioner.
No response for respondent.
PER CURIAM.
We grant the state's petition for writ of certiorari and quash the trial court order compelling the victim of a criminal offense to appear at a live lineup and identify the person who committed the offenses upon her.
Ray is charged with armed robbery and attempted first degree murder. The victim *1250 identified the respondent from a photo lineup. Ten months after the incident, defense counsel moved the court to require the victim to appear at a live lineup and to identify the person who committed the subject crimes.
Florida Rule of Criminal Procedure 3.220, governing criminal discovery, contains no express provision authorizing an order to compel the victim of a crime to appear at a lineup or otherwise comply with similar discovery requests. In State v. Smith, 260 So.2d 489 (Fla. 1972), the supreme court held that the trial court lacked authority to order witnesses, who might be used by the state to identify persons involved in a crime, to be examined for visual acuity by a specific physician, even though the state's case depended on these same eyewitnesses for identifying the defendant. However, while the supreme court ruled that the trial court lacked authority to order this discovery, it conceded that there may be rare instances where justice requires some physical examination of a witness. The court added that much more would have to be shown in such an instance.
Applying Smith, the First District Court, in State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988), granted certiorari and quashed a trial court order construed as requiring the complaining child witnesses to consent to physical examination by the defendant's expert gynecologist. The First District said that such a trial court order departed from the essential requirements of law. In its en banc decision, a plurality stated that the supreme court's strong language in Smith must be looked at as a "firm warning to those who would feel moved to lead the jurisprudence of our state into unchartered waters by creating, via spontaneous generation, a criminal defense right to have crime victims or witnesses subjected to physical examinations." Id. at 1194.
The en banc decision also noted this court's opinion in Dinkins v. State, 244 So.2d 148 (Fla. 4th DCA 1971), where we upheld a trial court's denial of a defendant's motion to compel the victim of sexual battery to submit to a psychiatric examination, stating that there was absolutely no showing that the exam was essential to preventing manifest miscarriage of justice. The court expressly rejected any concept of a court's inherent power to require such an exam except under the most compelling circumstances necessary to insure a just and orderly disposition of the cause. This court said that it would discourage the practice in "any but the most extreme instances." Dinkins, 244 So.2d at 150. More recently, this court has quashed similar orders requiring examinations of witnesses, in the absence of compelling necessity, in State v. Farr, 558 So.2d 437 (Fla. 4th DCA 1990) and State v. Drab, 546 So.2d 54 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (Fla. 1989). See also State v. Coe, 521 So.2d 373 (Fla.2d DCA 1988).
We recognize that the above cases are inapposite as they involve physical examinations and invasions of privacy rights, but they also concern defendants' rights to confrontation and discovery and are therefore analogous.
Here, the defense did not make the showing of strong or compelling reasons or circumstances to warrant the exceptional remedy of an order compelling a victim to appear and participate in a live lineup.
DOWNEY, STONE and WARNER, JJ., concur.