LEVY, Judge.
We grant the State’s Petition for Writ of Certiorari and quash the trial court’s order compelling prosecution witnesses to view an array of photographs and then be questioned about those photographs during the course of criminal depositions.
The State filed an Information charging five defendants collectively, and as principals, with one count of armed robbery, two counts of burglary of a conveyance with assault, two counts of aggravated battery, and one count of criminal mischief. Attorneys for the defendants deposed one of the victims. Because four out of the five defendants had similar appearances, the victim distinguished them during the deposition based on their hair color and clothing. In an attempt to have the victim identify the criminal actions taken by each defendant, defense counsel requested the victim to view a photo array. This array consisted of thirty-eight black and *1173 white photographs, and included only four photos of the defendants. The State objected to the use of the photo array, and the victim refused to view or answer questions concerning the array. Defense counsel then certified the question. Following a hearing, the trial judge entered an order requiring all of the prosecution witnesses to view and respond to questions concerning the photo array. The State now petitions this Court for a Writ of Certiorari to quash the trial court’s order.
The criminal discovery process is governed by Florida Rule of Criminal Procedure 3.220. Furthermore, it is within the sound discretion of the trial judge to grant or limit criminal discovery. Gray v. State, 640 So.2d 186 (Fla. 1st DCA 1994); Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988). However, Rule 3.220 does not provide a trial judge with the authority to compel a witness to perform any type of involuntary physical examination. State v. Smith, 260 So.2d 489, 490 (Fla.1972) (quashing a trial court order compelling prosecution witnesses to submit to an optical examination to test their visual acuity). In Smith, the Supreme Court noted that only in “rare instance[s]” would a trial court have the authority to order an involuntary examination of a witness. Smith, 260 So.2d at 490 (finding the defendant’s claim that the State’s case primarily depended upon the identification of the defendants by eyewitnesses insufficient to warrant an involuntary eye examination). Subsequent to the Supreme Court’s decision in Smith, the District Courts have recognized a trial court’s authority to order an involuntary examination of a prosecution witness, but have limited the exercise of that authority to situations where strong and compelling reasons exist. See State v. Camejo, 641 So.2d 109 (Fla. 5th DCA 1994) (quashing the trial court’s order compelling the victim of a sexual battery to undergo psychological evaluation by a psychiatrist), question certified on reh’g, 641 So.2d 109 (Fla. 5th DCA 1994); Bartlett v. Hamwi, 626 So.2d 1040 (Fla. 4th DCA 1993) (denying defendant’s request for hair samples from a prosecution witness); State v. LeBlanc, 558 So.2d 507 (Fla. 3d DCA 1990) (holding that a trial court must not subject a victim to an involuntary psychological examination absent strong and compelling evidence of a victim’s veracity, or mental or emotional instability); State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988) (quashing a trial court’s order requiring a child witness to submit to a gynecological examination by the defendant’s expert gynecologist); State v. Coe, 521 So.2d 373 (Fla. 2d DCA 1988) (holding that the trial court could not compel a victim to undergo a psychiatric examination based merely on the allegations that the victim could not appreciate the duty to tell the truth, might have suffered from psychological problems, or might have suffered from alcoholism).
We recognize that the case before us, unlike many of the foregoing cases, does not involve the type of physical examination that implicates an individual’s privacy right to be free from bodily intrusion. Nevertheless, the same rationale that applies to the involuntary physical examination cases has also been applied to cases where the trial court has ordered a victim to appear and participate at a five line-up. See State v. Ray, 604 So.2d 1249 (Fla. 4th DCA) (analogizing a trial court’s order which requires the victim of an armed robbery to appear at a live line-up to cases involving involuntary physical examinations), rev. denied, 613 So.2d 8 (Fla.1992); see also State v. Cobb, 619 So.2d 1056 (Fla. 5th DCA 1993) (quashing a trial court’s order compelling a prosecution eyewitness to attend a pre-trial line-up) (citing Ray, 604 So.2d at 1249). In Ray, the Fourth District reasoned that a criminal defendant’s right to discovery and confrontation do not entitle the defendant to compel a prosecution witness to undergo an involuntary examination of any sort, absent a showing that strong or compelling reasons exist to warrant such a remedy. Ray, 604 So.2d at 1250. Consequently, we hold that the trial judge in the instant case was not authorized to compel the prosecution witnesses to view the photo array, absent a showing by the defendants that strong or compelling reasons justified the order.
The defendants herein did not demonstrate any strong or compelling circumstances which would justify the trial court’s discovery order. The main reason asserted by the *1174 defendants in support of the order was their need to determine the specific allegations made by the prosecution’s eyewitnesses against each defendant. That goal is achieved, however, by the taking of the deposition itself. Therefore, because the defendants did not present the trial court with a strong or compelling reason, the trial judge erred in ordering the prosecution witnesses to view the photo array.
The trial court’s order also contravenes the purpose and intent of the criminal discovery rules. The purpose of criminal discovery is “to avail the defense of evidence known to the state so that convictions [will] not be obtained by the suppression of evidence favorable to a defendant, or by surprise tactics in the courtroom.” Cooper v. State, 336 So.2d 1133, 1138 (Fla.1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977). See also State v. Tascarella, 580 So.2d 154, 156 (Fla.1991); James v. State, 453 So.2d 786, 789 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984). Thus, Rule 3.220 is not intended to provide defendants with an opportunity to build their cases during the discovery process by “creating” evidence, i.e. misidentifieations. If the defendants in the instant case were only seeking to discover the extent of each defendant’s involvement in the criminal incident, they would have exclusively formulated their questions solely around photographs of the defendants. Instead, they compiled a photo array containing thirty-eight black and white photographs, and including only four photos of the defendants. Surely, the defendants could have discovered the information they sought by conducting a proper deposition under the rules.
Finally, the defendants attempt to elevate their argument to one of constitutional proportions by asserting that their “due process rights” will be violated if the trial court’s order is quashed. That argument clearly lacks merit. First, a defendant in a criminal proceeding has no constitutional right to take a deposition of any of the prosecution’s witnesses. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); United States v. La-Rouche, 896 F.2d 815, 825 (4th Cir.1990), cert. denied, 496 U.S. 927,110 S.Ct. 2621, 110 L.Ed.2d 642 (1990); Lindsey v. Smith, 820 F.2d 1137, 1151 (11th Cir.1987), cert. denied, 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989); United States v. Desantis, 802 F.Supp. 794, 798 (E.D.N.Y.1992); State v. Flood, 257 S.C. 141, 184 S.E.2d 549, 551-52 (1971); Bartlett, 626 So.2d at 1042. Furthermore, unlike Florida and a very few other States, the vast majority of the States in this country, as well as the federal courts themselves, do not permit prosecution witnesses to be deposed by defendants.[1]
Consequently, for the foregoing reasons, we hold that the trial court departed from the essential requirements of the law by ordering the prosecution witnesses to view the photo array. We therefore grant the State’s Petition for Certiorari and quash the trial court’s order.
Certiorari granted; order quashed.

. See John F. Yetter, Discovery Depositions in Florida Criminal Proceedings: Should They Survive?, 16 Fla.St.U.L.Rev. 675, 675 (1988) (stating that the only states which provide for criminal depositions are: Florida, New Hampshire, North Dakota, Vermont, and Texas).