HARRIS, J.
Bryant and a co-defendant, James, were charged with carjacking and the first degree murder associated therewith. Bryant was tried alone and was convicted. He raises several grounds for reversal; we will discuss three.
Gilmore was Bryant’s girlfriend and testified for the state. She testified that Bryant told her about the incident in which James shot the owner of the truck and took the truck. She testified that Bryant told her that he and James had gone separate ways and that James was going to sell the truck. She testified that she saw Bryant in possession of the murder weapon shortly after the shooting.
Bryant urges that the court erred in refusing to permit its expert to testify as to the effect that long-term drug and alcohol abuse had on Gilmore’s memory. Admission of expert testimony is within the sound discretion of the trial court. Jordan v. State, 694 So.2d 708 (Fla.1997). The trial court found that the expert’s testimony would not be helpful to the jury. Although the expert had examined arrest records, statements to the police and medical records, he had not examined Gilmore. Even though it may be said generally that long-term drug and alcohol abuse may affect one’s memory, there was insufficient connection to this witness.
Further, Gilmore’s testimony showed that she had abused alcohol and used drugs and that she did in fact suffer from memory lapses. The expert testimony, even if permitted, would only have shown a connection between the two. The fact that she suffered memory lapses, as opposed to why she did, is the important consideration and this was adequately pointed out to the jury. We find no abuse of discretion.
Bryant next argues that the court erred when, during the course of trial, it would not permit the expert to examine Gilmore. There is no explanation as to why the request was not made earlier. In denying the request, the court did offer to exempt the expert from the rule of sequestration and to permit him to view Gilmore’s testimony. The expert refused because of scheduling problems. Further, the bare-boned oral motion did not show a justification for the examination. See State v. Smith, 260 So.2d 489 (Fla.1972). We find no abuse of discretion in refusing this last minute request for a witness examination.
Finally, Bryant argues that the court erred in not granting a mistrial when Gilmore, in mentioning that she saw Bryant in possession of the gun, added “because he pulled it on his aunt.” Defense objected and the court sustained the objection. The court offered to give a curative instruction, the form of which was approved by defense counsel (but -without a stipulation that the instruction would cure the prejudice). Because of oversight, the instruction was not given until the trial resumed the following morning. We find that Gilmore’s statement, although improper, was harmless particularly in light of the court’s instruction. An independent witness identified Bryant as the passenger in a vehicle which pulled up near the truck which was carjacked. Bryant crossed over to the driver’s position as the former driver, James, vacated the vehicle and approached the truck. The witness saw the carjacking and the shooting and the two defendants drive off in opposite directions. There was no suggestion that Bryant was the shooter, only that he participated in the offenses. The inadvertent statement that Bryant pulled the gun on his aunt, while regrettable, simply did not affect the outcome of this trial.
AFFIRM.
ANTOON, C.J., and PETERSON, JJ., concur.