Argued July 9, affirmed October 23, petition for
rehearing denied December 10, 1968

## STATE OF OREGON, *Respondent, v.*
## RALPH J. CLASEY, *Appellant.*

446 P. 2d 116

*Howard R. Lonergan,* Portland, argued the cause
for appellant. With him on the briefs was A. I. Bern-
stein, Portland.

*Jacob B. Tanzer,* Deputy District Attorney, Port-
land, argued the cause for respondent. With him on
the brief was George Van Hoomissen, District Attor-
ney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and RODMAN, Justices.

SLOAN, J.

Defendant was convicted of sodomy on his 15-year-old adopted daughter. Before trial, defendant moved the court to require the daughter and her mother to be examined by a psychiatrist. The "grounds" stated in the motion for requiring the examination stated "that nature of the charge makes this necessary since there is no evidence except complainant age 15 connecting defendant with commission of crime * * *." The motion was denied; renewed at the trial and again denied. The court's refusal to require the examination is the principal issue on appeal.

■ Defendant urges that we adopt the rule stated by Wigmore that "No judge should ever let a sex-offence charge go to the jury unless the female complainant's social history and mental make-up have been examined and testified to by a qualified physician." 3 Wigmore, Evidence (3d ed, 1940), § 924a, p 460. Wigmore's expressed concern for the peril to an innocent victim impaled by a lying or psychotic, neurotic or other mentally disturbed witness prompted him to make that assertion. Other writers and some courts have tended to follow Wigmore to the extent of allowing a discretionary power in the court to provide the means for a psychiatric examination of the complaining witness. McCormick, Evidence (1954) § 45, pp 99, 100, and materials there cited; Comment, Psychiatric Evaluation of the Mentally Abnormal Witness, 1950, 59 Yale L J 1324; Juviler, Psychiatric Opinions as to Credibility of Witness, 1960, 48 Cal L Rev 648. The

authorities do not justify a mandatory rule. It was the intent of *State v. Walgraeve,* 1966, 243 Or 328, 412 P2d 23, 413 P2d 609, to refuse a mandatory rule. *Walgraeve* was not intended to deprive the court of the authority to order the examination.

■ However, if we apply to permissive rule as in *Ballard v. Superior Court,* 1966, 64 Cal2d 159, 176, 49 Cal Rptr 302, 313, 410 P2d 838, 849, and also urged by defendant, it would not avail him in this case. For the California court decided that "Rather than formulate a fixed rule in this matter we believe that discretion should repose in the trial judge to order a psychiatric examination of the complaining witness in a case involving a sex violation if the defendant presents a compelling reason for such an examination.*" (*Footnote omitted). Some of the compelling reasons mentioned by the opinion were lack of corroboration and a showing of some evidence of mental or emotional instability of the complaining witness. Here there was no compelling reason stated in the motions and there was corroboration of the victim's testimony. In ruling on the pretrial motion the court actually considered the *Ballard* case and did exercise a meaningful and understanding discretion. There is, therefore, no basis provided by any of the authority relied on by defendant to reverse the trial court.①

The other assignments of error relate to questions the court has decided in many prior cases and do not merit discussion.

Affirmed.

---

① For further illumination of the *Ballard* rule and the court's exposition of the meaning of discretion, as applied to the case, see People v. Russel, 1968, 69 Cal2d 187, 70 Cal Rptr 210, 443 P2d 794.