Argued and submitted May 5, peremptory writ issued June 1, 1983

STATE ex rel ROACH,
*Plaintiff-Relator,*
*v.*
OLSEN,
*Defendant.*
(SC 29487)
663 P2d 767

Karen H. Green, Assistant Attorney General, Salem, argued the cause for plaintiff-relator.

No appearance contra.

Before Lent, C.J., Linde, Peterson, Campbell, Carson and Jones, JJ.

PER CURIAM

Campbell, J., filed a dissenting opinion.

## PER CURIAM

*State ex rel Roach v. Roth,* 293 Or 636, 652 P2d 779 (1982), brought before this court the propriety of a trial court order commanding the Children's Services Division to give a defendant access to a child witness in the Division's custody for purposes of a pretrial interview. We held that although the defendant might be entitled to the opportunity to interview the witness, a court does not have authority, ancillary to trying a criminal case, to address its order to the Children's Services Division. The opinion stated that we were not referred to and were not aware of any statutory authority for such an order, and that "[w]ithout a source of authority there is no general power, merely by virtue of conducting a trial, to order persons to conduct themselves outside the courtroom." 293 Or at 639.

In the present proceeding, the Administrator of the Children's Services Division petitioned us to order another trial judge to set aside an identical order as that in *State ex rel Roach v. Roth, supra,* and we issued an alternative writ of mandamus. The defendant agrees that the two cases are indistinguishable, but our attention is drawn to a possible statutory source of authority that was not mentioned in *State ex rel Roach v. Roth.*

ORS 1.010(5) provides:

"Every court of justice has power:

"* * * * *

"(5)  To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto.

"* * * * *"

Subsection (5) is one of seven in a section that generally deals with the power of judges in the conduct of judicial proceedings.[1] Subsections (1), (2), and (3) deal with the power to maintain order. Subsection (4) provides for compelling obedience to judicial orders. Subsections (6) and (7) deal with power to com-

---

[1] ORS 1.010 provides:

"Every court of justice has power:

"(1)  To preserve and enforce order in its immediate presence.

pel the attendance of witnesses and to administer oaths. Except for the first three subsections, which include the power to preserve and enforce order against disruption of judicial proceedings by anyone, these provisions concern the conduct of persons who are involved with judicial proceedings as parties, jurors, witnesses, or officers of the court; and the power to compel the attendance of witnesses, perhaps most analogous here, is expressly limited to doing so "in the cases and manner provided by statute." *See, e.g.* ORCP 55E., 55F., ORS 44.240, 421.215.

We need not here consider the statutory limits of the court's power to "control" the conduct of parties, counsel, witnesses, jurors, or ministerial officers. But we conclude that the phrase "all other persons in any manner connected with a judicial proceeding before it" in subsection (5) does not extend to the Children's Services Division, at least not unless it has undertaken some official duty in connection with the case then being tried before the court.

The opinion in *State ex rel Roach v. Roth, supra,* implied that an order to give the defense access to a witness might be addressed to the prosecutor as the representative of the party which initiated the proceeding and faces the consequences of noncompliance. 293 Or at 639, 641. Other persons who are claimed to have a legal obligation, apart from the trial court's order, to take or refrain from some action related to the case, may be reached by proceedings to which they can be parties. *Id.* We are not persuaded that ORS 1.010(5) supports a

---

"(2) To enforce order in the proceedings before it, or before a person or body empowered to conduct a judicial investigation under its authority.

"(3) To provide for the orderly conduct of proceedings before it or its officers.

"(4) To compel obedience to its judgments, decrees, orders and process, and to the orders of a judge out of court, in an action, suit or proceeding pending therein.

"(5) To control, in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto.

"(6) To compel the attendance of persons to testify in an action, suit or proceeding pending therein, in the cases and manner provided by statute.

"(7) To administer oaths in an action, suit or proceeding pending therein, and in all other cases where it may be necessary in the exercise of its powers or the performance of its duties."

different conclusion from our holding in *State ex rel Roach v. Roth, supra.* Therefore the peremptory writ requested by the petitioner will issue.

Peremptory writ to issue.

**CAMPBELL, J.**

I respectfully dissent for the reasons set forth in my dissent in *State ex rel Roach v. Roth,* 293 Or 636, 652 P2d 779 (1982).