Argued and submitted November 5, 1986, affirmed March 17, 1987

STATE OF OREGON,
*Respondent on review,*

*v.*

WAYNE EARL HIATT,
*Petitioner on review.*

(CC CF 85-195; CA A37976; SC S33110)

733 P2d 1373

Dianne L. Alessi, Deputy Public Defender, Salem, argued the cause for petitioner on review. With her on the petition was Gary D. Babcock, Public Defender, Salem.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent on review.

Lisa A. Maxfield and Marc D. Blackman, of Ransom, Blackman & Simson, Portland, filed a brief *amicus curiae* on behalf of the American Civil Liberties Union.

Steven Jacobson, Lawrence Matasar and Janet Lee Hoffman, Portland, filed a brief *amicus curiae* on behalf of the Oregon Criminal Defense Lawyers Association.

JONES, J.

Campbell, J., filed a concurring opinion.

## JONES, J.

Defendant petitions this court to reverse his convictions for Rape in the First Degree and Sodomy in the First Degree. He alleges that the Court of Appeals erred in affirming the trial court's denial of both his motion for a psychological examination of the victim and his motion for a continuance to subpoena a psychotherapist who previously examined the victim. We affirm.

The charges arose from defendant's relationship with the daughter of his former wife. Defendant married the child's mother in 1976. They separated in August of 1982. In November 1982, the two children (the victim and her half-sister) were left in defendant's custody because their mother was unable to support them financially. The children remained with defendant until February 1983, when they returned to their mother. The couple divorced in October 1984.

After returning to her mother, the victim traveled to Arizona for several weeks in order to visit with her natural father and his parents. In June 1983, she informed her grandmother that she had been sexually molested by defendant while she had been in his sole custody. This information led to an investigation by Oregon authorities. The Children's Services Division of the Department of Human Resources (CSD) reported the allegations to the District Attorney of Umatilla County.[1] Subsequently, the Umatilla County District Attor-

---

[1] CSD was bound by statute to notify the appropriate law enforcement agency of the reported abuse.

ORS 418.750 provides in part:

"Any public or private official having reasonable cause to believe that any child with whom the official comes in contact in an official capacity has suffered abuse, or that any person with whom the official comes in contact in an official capacity has abused a child shall report or cause a report to be made in the manner required in ORS 418.755."

ORS 418.740(3)(e) designates all employes of the Department of Human Resources as "public or private official[s]."

ORS 418.755 provides in part:

"An oral report shall be made immediately by telephone or otherwise to the local office of the Children's Services Division or to any law enforcement agency within the county where the person making the report is at the time of the contact. * * * When a report is received by the Children's Services Division the division shall immediately notify a law enforcement agency within the county where the report was made."

ney's Office brought these charges against defendant.

Prior to trial, defendant moved to have the child submit to a psychological examination to determine whether she was competent to testify as a witness. Defendant based this motion on his claims that the child had a history of physical (non-sexual) abuse by her natural father and behavioral problems which had led to her commitment in juvenile facilities and the prescribed use of psychotropic medications. The trial judge denied this motion, stating:

> "The very narrow issue before the Court is whether this Court should allow psychiatric examination of the witnesses to determine their competency. Competency * * * is ultimately an issue to the Court alone, and if these children are age 12 and 13, as has been represented, they're presumptively competent.

> "The only thing for the Court ever to determine incompetency, is whether or not the witness, having perceived, can relate those things they have in fact perceived. I think there's been an insufficient showing of compelling circumstances to permit [the motion]. There is no evidence before this Court of mental or emotional instability by these girls — certainly whether or not their stories are corroborated, whether they reported tardily, whether they changed their stories — rather relate to credibility, which is a distinct and separate issue from competence.

> "In any event, should the Court allow [the motion], which I'm declining to do so, I don't see how the Court should, if the mother of the girls declines, how the Court could order it.

> "She's not the party before the Court, so I have no authority over her. I appreciate that issue is not before the Court at this time, but it certainly is something the Court should consider. So [the motion] will be denied."

At the close of the state's case, defendant made a motion for a continuance. This motion was based upon the fact that defendant learned after the trial began that the victim had undergone a psychological examination nine months prior to trial. Defendant requested a continuance so that the physician who conducted this examination could be subpoenaed to testify. The trial judge denied the motion as untimely, noting also that the proper procedure would have

been for defendant to have petitioned the court for discovery of the CSD files earlier in the case.

Defendant was convicted and he appealed, citing as error the denial of the two motions. The Court of Appeals affirmed. 80 Or App 277, 720 P2d 1350 (1986).

We allowed review to decide three issues: First whether a trial court is authorized to compel a witness to undergo a pretrial psychological examination when competency is challenged by an adverse party. Second, whether the District Attorney is obligated to provide CSD files to the defendant as part of pretrial discovery. Third, whether the trial judge erred in denying defendant a continuance to call a witness. We conclude that we are unable to reach the second issue because of the procedural background of this case.

## I. PSYCHOLOGICAL EXAMINATION

Defendant and *amici* assert that a trial judge has the inherent power to order a psychological examination of the complaining witness in a criminal case. In addition to citing other state and federal cases,[2] they rely on *State v. Clasey,* 252 Or 22, 446 P2d 116 (1968), and *State v. Walgraeve,* 243 Or 328, 412 P2d 23, 412 P2d 609 (1966), for the proposition that the trial judge should have ordered a pretrial psychiatric examination of the victim of the sexual abuse.

In *Clasey,* this court wrote: "The authorities do not justify a mandatory rule [requiring pretrial examination of alleged victims of sex offenses]. It was the intent of *State v. Walgraeve* to refuse a mandatory rule. *Walgraeve* was not intended to deprive the court of the authority to order the examination." *Clasey,* 252 Or at 23-24. This last sentence in *Clasey* was incorrect. In *Walgraeve,* this court upheld the denial of a defense motion to order a rape victim to undergo a psychiatric examination. The court adopted the reasoning of the California District Court of Appeals that the use of expert opinion on the credibility of a witness based on that expert's out-of-court interview was "a fundamental change in policy

---

[2] *See, e.g., United States v. Benn,* 476 F2d 1127, 1130 n 12 (DC Cir 1973); *Ballard v. Superior Court,* 64 Cal 2d 159, 49 Cal Rptr 302, 410 P2d 838, 849 (1966); *State v. Butler,* 27 NJ 560, 143 A2d 530, 553-56 (1958).

[that] should come from the Legislature." 243 Or at 331, *quoting Ballard v. Superior Court,* 44 Cal Rptr 291, 294 (1965).[3]

The *Walgraeve* court, in refusing to impose a mandatory rule for pretrial psychiatric examination of witnesses, was concerned with the broader issue of the long-term results of allowing such experts to make credibility decisions. The court instead chose to leave such decision to the legislature "which has the investigative machinery to fully evaluate the proposal, specify its limits and its mode of operation." 243 Or at 331, *quoting Ballard v. Superior Court, supra,* 44 Cal Rptr at 294. *Walgraeve* did not speak to competency decisions. The request was for an examination as to the victim's "character." *Clasey* misstated the *Walgraeve* opinion; any language suggesting a discretionary power to order a witness to undergo a psychiatric examination for competency, credibility or otherwise should be disregarded.

In cases subsequent to both *Walgraeve* and *Clasey,* this court has noted that trial courts are generally impotent to order witnesses to engage in specific conduct outside the courtroom absent legislative authorization. In *State ex rel Roach v. Roth,* 293 Or 636, 652 P2d 779 (1982), this court upheld the denial of the defendant's motion for a pretrial order to command CSD to allow defendant to interview the victim in a sexual abuse case. We found no statutory source of authority for a trial judge to issue such an order to CSD and stated that "[w]ithout a source of authority there is no general power, merely by virtue of conducting a trial, to order persons how to conduct themselves outside the courtroom." 293 Or at 639.

Defendant asserts that the source of the trial court's authority to order psychological examinations is found in the Oregon Evidence Code. The Code provides that only competent witnesses may testify, OEC 601; that expert testimony is admissible to assist in understanding the evidence, OEC 702; and that evidence is admissible when relevant, OEC 401. While recognizing that none of these provisions specifically

---

[3] The decision in *State v. Walgraeve* was adhered to on reconsideration, 243 Or 328, 412 P2d 23, 412 P2d 609 (1966), although *Ballard v. Superior Court* was modified on appeal, 64 Cal 2d 159, 49 Cal Rptr 302, 410 P2d 838 (1966).

allows a trial judge to order a psychological examination outside of court, defendant argues that such a power is implied in those provisions. He contends that if the court is responsible for determinations of competency — defined by OEC 601 as the ability to perceive and to relate those perceptions — a court must also be authorized to order a psychological examination to determine whether a psychological disorder impairs a witness's ability to perceive reality, to recollect events or to communicate about them.

We are not persuaded by these arguments. The OEC provisions that authorize a trial judge to admit expert testimony *in court* and to exclude incompetent witnesses does not imply a right to call on experts to evaluate the credibility or competency of witnesses in an *out-of-court* proceeding.

The defense also relies on ORS 1.010, which specifies the power of the trial court to administer court business and proceedings. That statute provides:

"Every court of justice has power:

"(1)   To preserve and enforce order in its immediate presence.

"(2)   To enforce order in the proceedings before it, or before a person or body empowered to conduct a judicial investigation under its authority.

"(3)   To provide for the orderly conduct of proceedings before it or its officers.

"(4)   To compel obedience to its judgments, decrees, orders and process, and to the orders of a judge out of court, in an action, suit or proceeding pending therein.

"(5)   *To control, in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto.*

"(6)   To compel the attendance of persons to testify in an action, suit or proceeding pending therein, in the cases and manner provided by statute.

"(7)   To administer oaths in an action, suit or proceeding pending therein, and in all other cases where it may be necessary in the exercise of its powers of the performance of its duties." (Emphasis added.)

In *State ex rel Roach v. Olsen,* 295 Or 107, 663 P2d 767 (1983), we had the opportunity to evaluate the extent of a trial court's powers under subsection (5). We held that ORS 1.010(5) does not authorize a trial court to order CSD to provide a defendant access to a child witness. We concluded that the trial court's authority to control " 'all other persons in any manner connected with a judicial proceeding before it' in subsection (5) does not extend to [CSD], at least not unless it has undertaken some official duty in connection with the case then being tried before the court." 295 Or at 110.

The defense argues that under *Olsen* the trial court could order a psychological examination because "[a] witness, especially the complaining witness in a criminal case, has certainly 'undertaken some official duty in connection with the case.' " We disagree with such an interpretation. First, the complaining witness in a criminal case is involved only as a result of a defendant's alleged victimization of that witness, and testifying as a part of the state's case-in-chief is a far cry from "undertaking an official duty in connection with the case." Second, the only statutorily explicit authority that a trial judge has over witnesses outside the courtroom is that provided by ORS 1.010(6), which allows the judge to compel witness attendance "to testify in an action, suit or proceeding * * * in the cases and manner provided by statute." There is no statute authorizing compelled out-of-court psychological examination of witnesses.

There are alternatives to ordering a non-party to submit to an out-of-court psychological examination. Any party may present evidence attacking a witness's competency. OEC 601. Pretrial competency hearings may be held and testimony may be barred if a witness is found to be incompetent. "Whether or not a witness's abilities to perceive and communicate are sufficient to make the witness competent under Rule 601 is an issue for the court to determine under Rule 104(1)." Kirkpatrick, Oregon Evidence 209 (1982). A psychotherapist may observe a subject at a competency hearing and offer an expert opinion regarding competency. *See* OEC 703. But a court's power to exclude evidence is not the equivalent of the power to compel a non-party to take action outside the

courtroom. Such a power must be provided for by the legislature.[4] The trial court did not err in denying defendant's motion to compel the psychological examination.

## II. DISCOVERY OF CSD FILES

Although we requested that the parties brief the issue of the accessibility of CSD files to a criminal defendant, upon reviewing the record we find procedural impediments that prevent us from reaching that issue.

The record indicates that prior to trial the defense investigator communicated with CSD, requesting access to its files regarding the victim. CSD apparently refused, as defendant sent a letter to the District Attorney in August 1985, stating that CSD had told the investigator that access to the files was being refused on the advice of the District Attorney. The District Attorney responded with a letter advising that there had been no order to CSD to withhold the files from defendant, and that if CSD refused to release the files defendant should make a motion before the court to compel production. Defendant did not make a motion to compel; defendant instead issued a *subpoena duces tecum* to the CSD social worker to bring the files to court on the date of trial.

The social worker appeared on the first day of trial with the files and did turn them over to defendant. Thus the defense did ultimately receive the information requested, and any delay was due to the failure of the defense to make a timely motion to the court.

## III. THE DENIAL OF A CONTINUANCE

On the first day of trial, at the close of the state's case-in-chief, defendant moved for a continuance. He stated that he had reviewed the CSD files and discovered that they contained a psychological evaluation of the victim that had been performed nine months earlier. Defendant requested the continuance so that the physician who performed the examination could be subpoenaed to testify. The trial court denied this motion as untimely.

---

[4] The Oregon legislature has twice rejected proposed legislation which would have given trial judges such authority. HB 2331 (1985); HB 2638 (1983).

■      The trial court's denial of the request of a continuance was justified because defendant proffered the testimony of the psychotherapist on the basis that it would be relevant to the *credibility* of the child's testimony only on the basis of her psychiatric condition and not to disqualify her as a witness on grounds of *incompetency.* Defendant made no showing that the witness would testify to prior inconsistent statements, bias or other admissible impeachment evidence. The defense attorney stated:

> "* * * [T]his report does I think bear upon the case, and probably should go to the jury or at least the doctor should testify as to his conclusions.
>
> "I believe they go to the weight of [the victim's] testimony as to the things he observed when he interviewed her [in] January of this year.
>
> "There has been evidence that she has been in the State Hospital and has been on some type of medication and suffering from some type of psychological disorder.
>
> "We did not have that information at the time we made our motion for psychological evaluation. I think the bottom line is that there was a psychological evaluation available to the trier of the facts as to the weight."

In *State v. Walgraeve, supra,* this court specifically rejected this type of expert testimony to evaluate the credibility of a witness, stating:

> "The use of psychiatric testimony in the manner urged by the defendant would create a class of cases in which opinion evidence would, in fact, determine the credibility of witnesses. Unless the function of a jury is to find the truth, its role is devoid of substance. Often the jury can meet this obligation only by determining the credibility of witnesses. The jury system, with all its imperfections, has served society well. It has not been demonstrated that the art of psychiatry has yet developed into a science so exact as to warrant such a basic intrusion into the jury process." 243 Or at 333.

The proffered evidence was not relevant, and the trial court did not err in denying defendant's request to produce the psychotherapist to testify as to the credibility of the victim. *See State v. Middleton,* 294 Or 427, 657 P2d 1215 (1983) (witness, expert or otherwise, may not give opinion as to truthfulness of another witness).

The Court of Appeals is affirmed.

**CAMPBELL, J.,** concurring.

Although I dissented in *State ex rel Roach v. Olsen,* 295 Or 107, 663 P2d 767 (1983), and *State ex rel Roach v. Roth,* 293 Or 636, 652 P2d 779 (1982), it is my opinion that those cases can be distinguished from this case and therefore I concur.