546 So.2d 54 (1989)
STATE of Florida, Petitioner,
v.
Dennis DRAB, Respondent.
No. 88-2565.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Rehearing and Rehearing Denied August 9, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Mitchell J. Beers of Beers & Herman, P.A., Palm Beach Gardens, for respondent.
Jean Hottenstein, Guardian Ad Litem, West Palm Beach, for A.L.D., a child.
Rehearing and Rehearing En Banc Denied August 9, 1989.
PER CURIAM.
The state seeks to prohibit a second, compelled gynecological examination of an eight-year-old child, who, it is alleged, was the victim of a sexual battery perpetrated by respondent, Dennis Drab, her adoptive father.
We take it as a given, supported as it is by common sense as well as by the record, and reinforced by the Response filed by the Guardian Ad Litem, that a further, intimate, physical examination is not in the best interests of this child. We are also persuaded that the results of such an examination at this late date would be of little probative value. Further, respondent, Drab, takes issue not with the qualifications of the original examiner nor with the specifics of his physical observations, but rather with the conclusions drawn therefrom. Nevertheless, we are required to determine whether an accused has a right *55 to require the victim of his alleged sexual battery to undergo a physical examination.
In State v. Smith, 260 So.2d 489, 491 (Fla. 1972), the supreme court, in an opinion quashing an order requiring that witnesses submit to an eye examination, pointed out that neither the common law nor the rules of criminal procedure authorize a court "to grant a motion compelling witnesses to submit to a physical examination of any sort." By way of dicta, however, the opinion adds: "Even assuming, that in some rare instance, justice may require some type of physical examination of a witness, more must be shown than in the case sub judice." Id.
The issue considered in Dinkins v. State, 244 So.2d 148 (Fla. 4th DCA 1971), was whether the court had the power to require the prosecutrix in a rape prosecution to submit to a psychiatric examination for the purpose of furnishing a possible basis of impeachment.
There we said:
Our attention has not been directed to any authority in this jurisdiction, whether statute, rule or precedent, giving the court power to require the prosecutrix in a rape prosecution to submit to a psychiatric examination for the purpose of furnishing a possible basis of impeachment. A number of eminent writers have advocated the desirability of the court possessing and mandatorily exercising such power. These writers and their respective works are discussed at length in the opinion by the Supreme Court of California in the case of Ballard v. People, 1966, 64 Cal.2d 159, 49 Cal. Rptr. 302, 410 P.2d 838, and in an annotation entitled "Requiring Complaining Witness in Prosecution for Sex Crime to Submit to Psychiatric Examination" in 18 A.L.R.3d 1433. See also State v. Clasey, 1968, 252 Or. 22, 446 P.2d 116. By statute, F.S. 1969, section 801.161, F.S.A., courts of this jurisdiction have discretionary power, upon motion of a defendant charged under the Child Molester Act, to order a psychiatric examination of the complaining witness before trial. Cf. Wilk v. State, Fla.App. 1969, 217 So.2d 610. But the statute is not reasonably susceptible of being construed as a statutory grant of power to the court to require the prosecutrix in a rape case to submit to psychiatric examination before trial upon request of the defendant.
The qualifications of the text writers whose works on this subject are listed in the above citations are such that we do not take lightly the views which they advocate. Nonetheless, it strikes us as sound, in the absence of either express statutory authority or court rule permitting such, or in the absence of such strong and compelling evidence of mental or emotional instability of the prosecutrix that denial of a psychiatric examination could amount to a denial of due process of law, that the court should not subject the prosecutrix to such an examination. Thus, while we do not expressly reject the concept of the court possessing inherent power to require such an examination under the most compelling of circumstances where it is necessary to insure a just and orderly disposition of the cause, we would discourage the practice in any but the most extreme instances.
Id. at 150.
In Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988), we affirmed our adherence to the principles enunciated in Dinkins.
Our sister court, in State v. Diamond, 13 F.L.W. 1963 (Fla. 1st DCA Aug. 22, 1988), analyzed the issue from a slightly different perspective. There the court held that where compelling circumstances exist so that an accused may be deprived of his due process rights unless the complaining witnesses are compelled to undergo a physical examination, the state should be precluded from introducing as evidence at trial the results of a previous voluntary examination unless and until the complaining witnesses voluntarily submit to a physical examination by a qualified physician of the defendant's choice. This approach, with the emphasis on the method of safeguarding a defendant's due process rights, avoids the necessity of deciding the core issue, whether the court has inherent power to compel submission to an examination, yet protects the right of privacy which the common law and section 23 of the Florida Declaration of Rights confers upon the complaining witness. We approve this procedure *56 and its underlying judicial philosophy.
The question here is whether respondent, Drab, has demonstrated the presence of extreme and compelling circumstances such that unless the complaining witness is compelled to undergo an intimate physical examination, a manifest injustice will result in that Drab will be deprived of due process. It is clear that he has not.
Respondent has not alleged that there was anything improper or unprofessional about the voluntary physical examination of the complaining witness. He does not urge that the scientific observations that were made are in any way suspect. He faults only the conclusion that these findings lend support to the allegations of sexual abuse. His concern is mainly with the relative weight that might be given by a jury to testimony from one expert who has made a physical examination and another who has not. In our view, this falls far short of justification for a compelled physical examination. The trial court's order therefore constitutes a substantial departure from the essential requirements of the law.
We grant the petition for writ of certiorari, quash the order under review, and remand for further proceedings.
HERSEY, C.J., and POLEN and GARRETT, JJ., concur.