558 So.2d 437 (1990)
STATE of Florida, Petitioner,
v.
Lonnie FARR and Tanya Farr, Respondents.
No. 89-1276.
District Court of Appeal of Florida, Fourth District.
February 14, 1990.
On Rehearing April 11, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for petitioner.
Douglas N. Duncan of Wagner, Nugent, Johnson, Roth, Romano, Eriksen and Kupfer, P.A., West Palm Beach, for respondents.
POLEN, Judge.
The state seeks to prohibit a second, compelled gynecological examination of an eight-year-old child who, it is alleged, was the victim of sexual battery perpetrated by respondents Lonnie and Tanya Farr.
The child was examined in July 1987 by a Dr. Leviton. The medical findings showed no evidence of fissure or trauma to the anus. But an obliterated hymen and an opening approximately six millimeters across and twelve millimeters vertically suggested probable sexual intercourse. Respondents' expert has expressed an opinion to the contrary.
Based on this contrary opinion, respondents moved the trial court for an order to permit reexamination of the child by respondents' expert. The trial court granted respondents' motion and this petition followed.
Respondents argue that since Dr. Leviton contends that anal intercourse could occur without scarring, their expert should be allowed to examine the child. Furthermore, respondents challenge the professional capabilities of Dr. Leviton, a seventy-five year old physician. Petitioner responds that there is no compelling reason to order the additional gynecological examination of this child. We agree.
We addressed a similar situation in State v. Drab, 546 So.2d 54 (Fla. 4th DCA 1989). In Drab, the trial court ordered a second gynecological examination of an eight year old victim in a sexual abuse case. This court held that no "extreme and compelling *438 circumstances" existed such that unless the complaining witness was compelled to undergo an intimate physical examination a manifest injustice would result in the denial of due process. This court went on to find that:
Respondent has not alleged that there was anything improper or unprofessional about the voluntary physical examination of the complaining witness. He does not urge that the scientific observations that were made are in any way suspect. He faults only the conclusion that these findings lend support to the allegations of sexual abuse. His concern is mainly the relative weight that might be given by a jury to testimony from one expert who has made a physical examination and another who has not. In our view, this falls far short of justification for a compelled physical examination. The trial court's order therefore constitutes a substantial departure from the essential requirements of the law.
Drab at 56.
A review of the record and motion filed by respondents indicates that they are challenging the results of the examination rather than the methodology. Respondents merely challenge Dr. Leviton's value as a witness. Respondents are pursuing their own gynecological examination of the child in order to have their own expert's opinion bolstered by a physical examination that he made himself.
If anything, we find this case even more egregious than Drab because the findings of the doctor, which respondents dispute, are partially favorable to their case. The results of this examination at this late date would be of little probative value. Moreover, the examination is not in the best interest of the child.
The trial court's order therefore constitutes a substantial departure from the essential requirements of the law. We grant the petition for writ of certiorari, quash the order under review, and remand for further proceedings.
ANSTEAD, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurring specially.
I concur with the majority's result that the standard set forth in State v. Drab, 546 So.2d 54 (Fla. 4th DCA 1989), is the appropriate test for balancing defendant's right to due process and the victim's right of privacy, namely, whether such compelling circumstances exist so that unless the victim is compelled to undergo a physical examination, a manifest injustice will occur which would result in the denial of due process. Drab, at 56.
While Drab approved the analysis of the First District in State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988), that court sitting en banc rejected that reasoning and procedure. State v. Diamond, 15 F.L.W. 70 (Fla. 1st DCA Dec. 28, 1989). A plurality of judges on the First District relied on State v. Smith, 260 So.2d 489 (Fla. 1972) which held that the trial court has no authority to order a physical examination of a witness. However, in Smith, as in Dinkins v. State, 244 So.2d 148 (Fla. 4th DCA 1971), the purpose of the examination was to test the person's ability to be a witness or to establish grounds for impeachment of the witness' testimony. That is unlike the examination of the victim in this case for the purpose of discovering or evaluating the physical evidence that a crime has occurred.
Although the confrontation clause of the Sixth Amendment refers to witnesses and does not encompass physical evidence, State v. T.L.W., 457 So.2d 566 (Fla. 2d DCA 1984), State v. Armstrong, 363 So.2d 38 (Fla. 2d DCA 1978), federal decisions hold that the due process clause of the Fifth Amendment and fundamental fairness entitles a defendant access to relevant and material evidence which is necessary to his defense. United States v. Herndon, 536 F.2d 1027 (5th Cir.1976). "Whether a defendant has been deprived of this right of due process will depend upon the materiality of the evidence, the likelihood of mistaken interpretation of it by government witnesses or the jury, and the reasons for its unavailability to the defense." Herndon, *439 536 F.2d at 1029. If the trial court were to decide that the need for the examination was so compelling that the defendant would be denied due process without such evidence, then the minor's right of privacy may yield to the compelling state interest to investigate and prosecute the crime. Cf. Shaktman v. State, 529 So.2d 711 (Fla. 3d DCA 1988); In re Getty, 427 So.2d 380 (Fla. 4th DCA 1983). However, in the instant case, the defendants failed to prove a compelling necessity such that, absent the examination, they have been denied fundamental due process.
I would also reverse because the trial court's order granting the compulsory physical examination was entered without affording the minor, or her guardian ad litem, an opportunity to assert her right of privacy and should be quashed for that reason.
The minor victim is represented by a guardian-ad-litem. While the record shows she was present during part of these proceedings, it is unclear as to whether or not she was present during the discussion of the physical examination. The trial court thus apparently ordered the physical examination of the minor without notice to her or her guardian to give her the opportunity to assert her right of privacy. In this appeal the state seeks to do it for her, but it is questionable as to whether the state can assert a right of privacy on her behalf. See Gardner v. Bradenton Herald, Inc., 413 So.2d 10 (Fla. 1982). In order to balance the constitutional rights involved the trial court must have all of the interested parties before it.

OPINION ON REHEARING
PER CURIAM.
The motion for rehearing and the request to certify questions of great public importance are denied.
WARNER and POLEN, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part; dissenting in part.
While I concur in the denial of rehearing, I would grant the respondents' request for the certification of the issues involved herein to the Florida Supreme Court as issues of great public importance.