Thomas E. LAWRENCE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–489.

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1990.

Gloyd L. McCoy, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

THOMAS E. LAWRENCE, appellant, was tried by jury for the crime of Lewd Molestation (Counts I, II and III) in violation of 21 O.S.1985, § 1123, in Case No. CRF–85–3436 in the District Court of Tulsa County. Appellant was represented · by counsel. The jury returned a verdict of guilty on Count I and verdicts of not guilty on Counts II and III. The jury set punishment on Count I at five (5) years and six (6) months imprisonment. The trial court sentenced appellant accordingly. From this judgment and sentence, appellant appeals.

We deem a recitation of the facts of this case unnecessary, insomuch as this case must be REVERSED and REMANDED for a new trial.

During its case-in-chief, the State called Mary Ann Bolinger, a social worker with the Department of Human Services, to testify concerning an interview she had conducted with A.P., the ten-year-old victim. During her direct examination, the following colloquy transpired:

Q. Okay. Applying all the experience that you have in your area and your experience, did you form any kind of opinion as to what was being told to you by A.P.?

A. Yes. [A.P.] is ten years old and I—we usually with all the experience, et cetera, find that by ten or up to and past the age of ten they do not lie about these things. There is no— [A.P.] expressed a great deal of shame withdrawal more mostly in [A.P.'s] case because she appeared to be a rather outgoing child, except on that subject. But we do find that usually up to and past the age of ten they have

no reason to tell these stories. It doesn't make them feel good. (Tr. 215)

During re-direct examination, Ms. Bolinger opined:

And we must—you know, we follow up on all of this because we—as I repeat, I have found that little girls 12 and under and little boys, too, do not lie about this. They don't feel good about it. They don't want people to know about it. (Tr. 223)

Appellant contends that Ms. Bolinger's testimony was an impermissible opinion on a witness' credibility. We agree.

■ The vast majority of courts hold that expert testimony concerning a witness' credibility is inadmissible evidence because weighing the truthfulness of a witness is a matter reserved exclusively to the fact finder. *Smith v. State*, 259 Ga. 135, 377 S.E.2d 158, 161 (1989); *Zabel v. State*, 765 P.2d 357, 360 (Wyo.1988); *State v. Hiatt*, 303 Or. 60, 733 P.2d 1373, 1378 (1987); *State v. Moran*, 151 Ariz. 378, 728 P.2d 248, 252 (1986); *United v. Azure*, 801 F.2d 336, 340 (8th Cir.1986); *State v. Bellotti*, 383 N.W.2d 308, 316 (Minn.App.1986); *State v. Myers*, 382 N.W.2d 91, 93 (Iowa 1986); *United States v. Samara*, 643 F.2d 701, 705 (10th Cir.1981). In *State v. Lindsey*, 149 Ariz. 472, 720 P.2d 73, 76 (1986), the Arizona Supreme Court stated that experts should not be allowed to give their opinion of the accuracy, reliability or credibility of a particular witness in the case being tried. Nor should such experts be allowed to give opinions with respect to the accuracy, reliability or truthfulness of witnesses of the type under consideration. The court concluded that opinion evidence on who is telling the truth in cases such as this is nothing more than the expert's opinion on how the case should be decided. *Id.* We likewise hold that an expert witness cannot vouch for the truthfulness or credibility of an alleged victim.

We find *Roubideaux v. State*, 707 P.2d 35 (Okl.Cr.1985), to be distinguishable from the rule established in this case. In *Roubideaux*, due to a long lapse of time since the incident, the defense had repeatedly challenged the child's credibility and tried to establish that she was only parroting a story which she had been taught. An expert was allowed to testify concerning an evaluation of the child's memory and ability to report the incident in an attempt to help the jury determine whether she had been taught the story and recited it by rote or whether she truly remembered the event and reported it of her own recall. The expert did not testify concerning the child's truthfulness, nor did the expert give an opinion that the child was telling the truth.

■ After a review of the record in the present case, it is very apparent that Ms. Bolinger's testimony was directed to the truthfulness of A.P.'s report of the incidents of sexual abuse. While appellant did not object to the testimony as it was presented at trial, we find such error to be fundamental. *See Zabel v. State*, 765 P.2d at 362. The State provided no physical evidence to support its case; it relied solely on testimonial evidence. The jury acquitted appellant on two of the three counts charged. Thus, we cannot conclude that the strength of the State's case rendered the error harmless.

On remand, we would also direct the trial court's attention to the procedure outlined in 12 O.S.Supp.1984, § 2803.1, concerning the admissibility of statements made by children twelve (12) years and under.

For the foregoing reasons, this case is REVERSED and REMANDED for a new trial.

BRETT and LUMPKIN, JJ., concur.

PARKS, P.J., and LANE, V.P.J., specially concur.

PARKS, Presiding Judge, specially concurring:

I concur in the decision reached by the majority, but I do so on the basis of *McCarty v. State*, 765 P.2d 1215, 1218 (Okl. Cr.1988), wherein we stated:

Bolstering the credibility of complaining witnesses through expert testimony usurps the jury's fact-finding function, because it is the sole responsibility of the jurors to assess the credibility of wit-

nesses in light of their own experience, and no expert assistance is necessary. [*United States v. Binder*, 769 F.2d 595, 602 (9th Cir.1985)]. Expert testimony should not be permitted if it invades the province of the trier of fact. *United States v. Amaral*, 488 F.2d 1148, 1153 (9th Cir.1973).

LANE, Vice Presiding Judge, specially concurring:

I concur in the result reached by the majority and the theory upon which the result is based. However, I think that it should be made clear that my decision is based on the fact that the testimony complained of by the majority directly reflects upon the witness' belief that the victim is telling the truth. I do not think that our ruling today should be considered to exclude all expert testimony concerning behavioral patterns of child victims to molestation and other sexual offenses. I perceive that such testimony may be admissible under certain circumstances where it could reflect on truthfulness of children in general but not be a direct comment on the truthfulness of a particular victim.