**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM DEAN WETMORE,

Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

Respondent - Appellee.

No. 04-6243
(D.C. No. 02-CV-1014-C)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner-Appellant William Dean Wetmore, a state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because we determine that Mr. Wetmore has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

Mr. Wetmore was convicted by a jury in Oklahoma state court of four counts of lewd molestation of a child and two counts of sexual abuse of a child. He was sentenced to a total of 210 years imprisonment. His convictions were

affirmed on direct appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). R. Doc. 14 Ex. C. He did not file for state post-conviction relief. Appearing through counsel, he raised twelve grounds for relief in his federal habeas petition, one of which he conceded was procedurally barred. A magistrate judge issued a thorough report and recommendation suggesting that the petition be denied. R. Doc. 19.

Again appearing through counsel, Mr. Wetmore objected concerning two grounds he had raised in his petition. Specifically, he challenged the trial court's refusal to let him call Dr. Ray Hand concerning research data, information, and opinions regarding the integrity of the victims' interviews (ground five of the habeas petition), and the state court's allowing the lead detective in the case to testify that Mr. Wetmore was guilty and the victims were telling the truth (ground eight). He contended that these decisions violated his Sixth and Fourteenth Amendment rights to call witnesses in his favor and present a defense. The OCCA held that these trial court decisions were error, but were harmless beyond a reasonable doubt given the substantial evidence of Mr. Wetmore's guilt including both victims' consistent and credible testimony together with Mr. Wetmore's confession. R. Doc. 14, Ex. C at 3-4.

The district court first determined that Mr. Wetmore had waived any challenge to the report and recommendation concerning the other grounds in his

habeas petition by merely readopting his initial brief supporting his habeas petition. R. Doc. 24 at 2. We agree–given the magistrate judge's extensive discussion and rejection of the grounds raised in the habeas petition, it was important to specify exactly what was being objected to and why. See United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Concerning the exclusion of Dr. Hand's testimony as improper, the Constitution guarantees a criminal defendant a meaningful opportunity to present a complete defense, including the right to call witnesses with relevant and material testimony. See Crane v. Kentucky, 476 U.S. 683, 690 (1986); Chambers v. Mississippi, 410 U.S. 284, 294-95 (1973); Washington v. Texas, 388 U.S. 14, 22-23 (1967). The OCCA determined that "Dr. Hand should have been allowed to testify regarding the proper methodology for sexual abuse and evaluation and the statistical data concerning false abuse reports." R. Doc. 14, Ex. C at 3 n.6 (citing Davenport v. State, 806 P.2d 655 (Okla. Crim. App. 1991)). In his objections to the magistrate judge's recommendations, Mr. Wetmore argued that he should have been able to counter the lead detective's testimony with Dr. Hand's testimony "concerning the limited issues of research data, information and opinions regarding the integrity of victim interviews." R. Doc. 23 at 5.

On collateral review, the OCCA's application of the "harmless beyond a reasonable doubt" standard to this error is reviewed for objective

unreasonableness pursuant to 28 U.S.C. § 2254(d)(1). Saiz v. Burnett, 296 F.3d 1008, 1011-12 (10th Cir. 2002). Here, Mr. Wetmore's counsel extensively and effectively cross-examined the lead detective about the alleged deficiencies of her investigation and her rush to judgment about Mr. Wetmore's guilt. II Trial Tr. 84-110. As noted by the magistrate judge, the victims were extensively cross-examined concerning Mr. Wetmore's theory that they fabricated their claims. R. Doc. 19 at 26. The entire record contains substantial evidence of guilt including nude photographs of the younger victim (in sexually explicit poses) that she testified were taken by Mr. Wetmore. III Trial Tr. at 58. Finally, given the consistent and corroborated testimony of both victims and Mr. Wetmore's confession (later denied), we do not think that the OCCA's conclusion that the exclusion of Dr. Hand's testimony was harmless error is reasonably debatable given the deferential standard we must apply. See Saiz v. Ortiz, 392 F.3d 1166, 1184-1185 (10th Cir. 2004).

As for allowing the lead detective to vouch for the testimony of the victims and express her opinion that Mr. Wetmore was guilty, we recently considered similar claims in Parker v. Scott, 394 F.3d 1302 (10th Cir. 2005). Although Mr. Wetmore relies upon Lawrence v. State, 796 P.2d 1176 (Okla. Crim. App. 1990), for the proposition that such vouching is not allowed because it invades the province of the jury, Parker noted the lack of Supreme Court authority holding

that improper vouching violates due process. 394 F.3d at 1309. Because a habeas petitioner must demonstrate that a state court's decision was contrary to Supreme Court precedent, Parker analyzed the claim under general due process principles.

> As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial.

Id. at 1310-11 (quoting Lisenba v. California, 314 U.S. 219, 236 (1941)). We have relied upon a similar standard when considering the admissibility of evidence–only where the error renders the trial so fundamentally unfair as to deprive the petitioner of due process is habeas relief warranted. Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990). For the reasons stated above concerning harmless error, we do not think it is debatable that this brief but improper testimony deprived Mr. Wetmore of a fair trial.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge